GILLESPIE, Presiding Justice:
This is a suit on a written guarantee executed by appellant, W. D. Patterson, guaranteeing payment of goods sold by appel-lee, Keeton Industries, Inc., to Rome Manufacturing Company, Inc., up to $10,000.00. Upon jury verdict, the Circuit Court of Sunflower County entered judgment in favor of Keeton against Patterson for a part of the sum claimed by Keeton to be due. Patterson appealed and Keeton cross-appealed. We affirm on direct appeal and reverse and enter judgment here on the cross-appeal.
Rome Manufacturing Company, Inc. was engaged in the business of manufacturing bed mattresses at Rome, Mississippi. Patterson was its president. Keeton Industries, Inc., an Oklahoma corporation, was a jobber and manufacturer of fabrics, mattress ticking, and mattress supplies. Rome’s account with Keeton was delinquent and Keeton advised Patterson that no further credit would be extended Rome unless the account was guaranteed by Patterson. Patterson then signed and mailed to Keeton a written guaranty as follows:
Rome, Miss.
Nov. 2, 1967
Keeton Industries
Oklahoma City, Okla.
Mr. Jerry Keeton:
This is the confirmation that I shall stand for and be responsible for accounts of Rome Manufacturing Co. Inc., Rome, Miss., up to and including Ten Thousand Dollars, and no more. Hoping to have many pleasant transactions in the future.
Check Enel, for $6700.00
Sincerely yours,
S/ W. D. Patterson
W. D. Patterson, Pres.
Keeton continued selling goods to Rome after the guarantee. Rome failed to pay its account. Keeton sued Rome and Patterson. Rome entered bankruptcy and the suit proceeded against Patterson to final judgment. The declaration had attached a copy of the written guarantee and alleged that Rome owed Keeton $8,853.88, plus interest, and attached to the declaration a sworn itemized account. Patterson’s answer denied in general terms that Rome purchased the merchandise as shown by the attached itemized accotmt, and denied in general terms that he was indebted to Keeton. Patterson then alleged an affimative defense to the effect that in March, 1968 a representative of Kee-ton telephoned Patterson and said Keeton had accepted notes of another for the Rome indebtedness, and that Patterson was relieved from further obligation under the *864 guaranty. His answer alleged that relying on this release Patterson made no efforts to liquidate the assets of Rome to apply on the Keeton account and that Keeton was es-topped to rely on the guaranty. The jury returned a verdict in favor of Keeton for $6,000.00 with interest, and judgment was entered accordingly.
There are two questions involved on this appeal, the answers to which resolve both the direct and cross-appeals. They are: (1) Whether the proof is undisputed that the indebtedness of Rome to Keeton was $8,853.88, plus interest, as Kee-ton contends on cross-appeal, or whether there was sufficient evidence to make it jury issue whether $6,085.71 of this amount was not owed by Rome, as contended by Patterson, and (2) whether the proof on behalf of Patterson on his affirmative defense of release or estoppel was sufficient to make a jury question on that issue, as contended by Patterson, or whether the evidence on this issue was insufficient to take the case to the jury, as contended by Keeton. In our opinion both these questions should be answered favorably to Kee-ton.
The proof is without substantial dispute that Rome was indebted to Keeton in the sum of $8,853.88 with interest from April 1, 1968. Attached to the declaration was a sworn itemized account of the amount claimed to be due by Rome. Patterson’s answer denied in general terms that Rome purchased the merchandise shown on the account and demanded strict proof; in answer to paragraph five of the declaration, Patterson did not deny that Rome owed the account, but denied that he, Patterson, owed the account. The account was proven by an officer of Keeton Industries, Inc., who identified the ledger sheeting and the invoices. Invoices totalling $6,085.71 were billed to Rome Mattress Company or Rome Bedding Company, but the address on all invoices was the same, P. O. Box 129, Rome, Mississippi. Patterson was president of Rome Manufacturing Company, Inc., when the items shown on the itemized account were allegedly purchased. Patterson did not deny the correctness of the account. Moreover, Patterson had never heard of Rome Bedding Company or Rome Mattress Company, and he stated that he would have known of it if such manufacturing business had occupied a building in Rome, Mississippi. Keeton had only one account in Rome, Mississippi, and that was Rome Manufacturing Company, Inc. The record is without dispute that the invoices showing the purchaser to be Rome Mattress Company or Rome Bedding Company were inadvertent errors and that the actual purchaser was Rome Manufacturing Company. We conclude that the evidence is without dispute that Rome Manufacturing Company owed the account as attached to the declaration.
Patterson’s evidence on his affirmative defense of release or estoppel was insufficient to make a jury issue. Patterson testified that in March 1968 Glenn Brown, a representative of Keeton, called him from Memphis and stated that “he knew I would be glad to know that he had obtained notes for the amount of $800.00 a month until this account was paid * * * the gist of the conversation was simply that the obligation was taken care of, which I felt no obligation before that, but certainly the obligation was taken care of and I had no more to do with it.” Patterson had alleged in his affirmative defense that he made no efforts to liquidate the assets of Rome after the alleged release and that Keeton was therefore estopped to rely on Patterson’s guarantee. Patterson testified, however, that after the conversation with Brown there was “not a thing” he could have done to protect himself assuming that he thought he had an obligation after the telephone conversation with Brown. The alleged release was without consideration, and there is no proof that Patterson changed his position to his detriment in reliance on the alleged release. Viewing the evidence most favorably to *865 Patterson, the proof is insufficient to establish either a release or estoppel.
We conclude that there was no issue for the jury to decide. Moreover, it is implicit in the jury verdict that both factual issues raised by Patterson were resolved against him. The peremptory instruction requested by Keeton should have been given, and since the jury did not return a verdict for the amount sued for, the motion for judgment for the full amount notwithstanding the verdict should have been sustained.
The case is affirmed on direct appeal and reversed on cross-appeal and judgment entered here for Keeton in the sum of $8,853.88, plus interest from April 1, 1968.
Affirmed on direct appeal, reversed and rendered on cross-appeal.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.